UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HOWARD KEY CHAMBERS     Movant/Defendant

v.     Criminal Action No. 3:14-CR-108

UNITED STATES OF AMERICA     Respondent/Plaintiff

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Defendant, Howard Key Chambers ("Chambers") objects to the Magistrate Judge's Report and Recommendation ("R&R") [DE 135], denying his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 ("Petition") [DE 128]. The United States did not respond to Chambers' objections [DE 136] ("Objections"), and the time for doing so has passed. For the reasons below, Chambers' Objections are **OVERRULED**.

### I. BACKGROUND

Chambers pleaded guilty to sex trafficking of a minor, Count 8 of the Superseding Indictment. [DE 107]. The charge carried a statutory minimum sentence of 15 years. [DE 105 at 511]. Chambers entered into a written plea agreement with the United States, under which in exchange for his guilty plea the United States would "agree that a sentence of between 15 and 30 years in prison . . . is the appropriate disposition of this case." [DE 105]. At sentencing, the Court adopted the Presentence Investigation Report ("PSR") without change, which calculated Chamber's sentencing guideline range as 360 months (30 years) to life. [DE 122]. At sentencing, Chambers sought a sentence of the statutory minimum of 15 years and the United States argued for a sentence of 30 years, the guideline minimum. [DE 114, DE 117, DE 126]. The Court sentenced Chambers to 30 years imprisonment. [DE 122].

1

Chambers petitions this Court to vacate, amend, or set aside his sentence under 28 U.S.C. § 2255. [DE 128]. Chambers raises two arguments in support: (1) that his counsel was ineffective for promising him that the Court would sentence him to 17 years if he pleaded guilty, and (2) that his counsel was ineffective for failing to present evidence that Chambers had been abused as a child at sentencing. [DE 128 at 867-68]. Chambers does not dispute that these claims were not timely filed under the statute-of-limitations, but argues that the Court should permit his claims past the statute-of-limitations under the doctrine of equitable tolling. [DE 128].

Chambers' petition was referred to Magistrate Judge King, who issued a Report and Recommendation. [DE 135]. After considering both arguments, the Magistrate Judge recommended that the Court deny both claims, deny Chambers' request for an evidentiary hearing, and deny a certificate of appealability. Chambers objects to the Magistrate Judge's recommendations on both claims, and the recommended denial of an evidentiary hearing and certificate of appealability. [DE 136]. In addition, the Magistrate Judge recommended that the Court need not reach the issue of whether Chambers' petition is time-barred under the statute of limitations or saved by the doctrine of equitable tolling because Chambers' claims fail on the merits. [DE 135]. Chambers did not object to this aspect of the R&R. [DE 136].

## II. DISCUSSION

### a. Standard of Review for the Report and Recommendation

A district court may refer a motion to a magistrate judge to prepare a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "A magistrate judge must promptly conduct the required proceedings . . . [and] enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). This Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R.

Civ. P. 72(b)(3). The Court need not review under a *de novo* or any other standard those aspects of the report and recommendation to which party makes no specific objection and may adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Thomas v. Arn*, 474 U.S. 140, 149–50, 155 (1985).

A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted). The court does not permit a general objection that fails to identify specific factual or legal issues from the R&R as it duplicates the magistrate judge's efforts and wastes judicial resources. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

    b. <u>Standard for Relief under 28 U.S.C. § 2255(a)</u>

A defendant may move to vacate, set aside, or correct his sentence, if it "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Yet a defendant may waive his right to appeal his sentence under § 2255 pursuant to a plea agreement. *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (citation omitted). The court enforces waivers of the right to appeal a sentence so long as they "have been entered into knowingly and voluntarily." *Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017). As a result, if the defendant waived his right to appeal, as is the case here, he may challenge the waiver based only on "the validity of his waiver, such as a claim that the waiver was involuntary or the product of ineffective assistance of counsel." *In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

      c.   Chambers' ineffective assistance claims fail.

In *Strickland v. Washington*, 466 U.S. 668, 686 (1984), the Supreme Court established the two-part, benchmark test for evaluating a claim of ineffective assistance of counsel. First, the defendant must show that the performance of his or her attorney was deficient. An attorney's performance will be deficient if "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. *Strickland* directs courts to be highly deferential in their scrutiny of the performance of counsel. *Id.* 689. In fact, *Strickland* cautions directly that "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690; *O'Hara v. Wigginton*, 24 F.3d 823, 282 (6th Cir. 1994). Review of an attorney's performance should evaluate the objective reasonableness of the challenged attorney's performance in the circumstances as they existed at the time of the alleged error, not from hindsight. *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996); *Cobb v. Perrine*, 832 F.2d 342, 347 (6th Cir. 1987). The Court is to presume tactical decisions of a defendant's trial counsel are part of sound trial strategy and therefore will not be subject to successful attack absent a defendant overcoming this presumption. *Varden v. Wainwright*, 477 U.S. 168, 185–87 (1986).

The second part of *Strickland's* two-part test requires that the defendant establish the attorney's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. "[W]hen a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017) (citation and internal quotation marks

omitted). But "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiency . . . Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id.* at 1967. This is an objective test, so a petitioner must show "that a decision to reject the plea bargain would have been rational under the circumstances." *United States v. Jabero*, No. 03-81060-2, 2012 WL 3109405, at *4 (E.D. Mich. July 31, 2012) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010)).

                i. *Claim that counsel promised a 17-year sentence*.

Magistrate Judge King concluded that even if Chambers' counsel promised a 17-year sentence, Chambers failed to show prejudice in accepting the plea agreement. Magistrate Judge King reasoned that there existed no plausible basis for determining that Chambers would have received a more favorable outcome at trial, and thus Chambers would not have rationally chosen to go to trial. [DE 135 at 949-50]. Chambers objects, arguing that the magistrate judge offered no support for the conclusion that had Chambers "chosen to proceed to trial, would have been convicted." [DE 136 at 959].

In the context of a plea agreement, showing prejudice requires showing a "reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The only evidence that Chambers would have rejected the plea agreement is Chambers' after-the-fact assertion that he would have gone to trial had he known he would have received more than 17 years. "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

Thus, Magistrate Judge King was correct that Chambers failed to meet his burden of showing prejudice under the second prong of *Strickland.*

In his objections to the R&R, Chambers argues for the first time that co-defendant "Kosicki's credibility is at issue and could provide a viable defense to the charges" resulting in a more favorable outcome for Chambers at trial. [DE 136 at 960]. Chambers asserts Kosicki's credibility was at issue because "Kosicki . . . made his eleven year old daughter have sex with an adult male in exchange for money." *Id.*

The Court reviewed the record and Chambers confessed to "all of the offenses arrayed against him in the Superseding Indictment." [DE 58, at 193]. The Court denied Chambers' motion to suppress his confessions. [DE 67]. Kosicki's credibility was not a viable defense to the charge against Chambers at trial. The Supreme Court has noted in the context of pleading, "defendants obviously weigh their prospects at trial in deciding whether to accept a plea," and because a "defendant without any viable defense will be highly likely to lose at trial[,] . . . a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial." *Lee*, at 1966.[1] Given Chambers' confession, it would not have been rational for Chambers to insist on going to trial and there was no prejudice to Chambers because the likely outcome was the same or worse than that achieved by pleading guilty. *Hill*, 474 U.S. at 60. Thus, even assuming Chambers had presented more than his *post hoc* assertion that he would have gone to trial, the Court agrees with Magistrate Judge King.

> ii. *Claim that counsel failed to present evidence at sentencing.*

Magistrate Judge King concluded that Chambers' alleged claim of ineffective assistance of counsel for failure to present evidence of childhood sexual abuse at sentencing fails. First,

---

[1] The U.S. Supreme Court in *Lee* granted relief surrounding a guilty plea. The circumstances of *Lee* that warranted relief are not present here.

6

Magistrate Judge King determined that one aspect of Chambers' alleged childhood sexual abuse, that he was molested at the Boys Club during middle school, was in fact before the Court in Chambers' sentencing memorandum [DE 117]. Thus, the decision not to argue this aspect at the sentencing hearing was a tactical decision of counsel entitled to a presumption of sound strategy. [DE 135 at 951]. Even assuming counsel's performance was deficient for not raising both of Chambers' alleged childhood sexual abuses, Magistrate Judge King determined that it is not reasonably probable that doing so would have led to a different sentence. [DE 135 at 951.] As a result, Chambers again failed to show prejudice. *Id.*

Under the Sentencing Guidelines Chambers' total adjusted offense level was 42 and he was a criminal history category I, resulting in a recommended sentence of 360 months to life in prison. [DE 126 at 3]. Chambers' counsel did not object to this calculation, but filed an extensive sentencing memorandum seeking a variance and arguing for the statutory minimum sentence of 15 years. [DE 117]. The sentencing memorandum included a psychological assessment that referenced Chambers' claim of sexual abuse as a child, referring to the local Boys Club. *Id*. The assessment does not mention of Chambers' grandfather forcing him to perform sexual acts on a female relative.

Chambers' counsel was aware of at least Chambers' allegation that he was sexually abused at the Boys Club giving its reference in his sentencing memorandum. Council's decision to not raise this during the sentencing hearing was strategic and thus entitled to a strong presumption of reasonableness. *Strickland*, 466 U.S. at 689. "A strategic decision cannot be the basis for a claim of ineffective assistance unless council's decision is shown to be so ill-chosen that it permeates the entire [proceeding] with obvious unfairness." *Hughes v. United States*, 258 F.3d 453, 457 (6th Cir. 2001). There could be any number of reasons for this strategic decision. But the reasoning is

7

not the issue. The issue is whether the decision was so ill-chosen that it permeates the entire proceeding with obvious unfairness. Chambers' long sentencing memorandum included many letters of support. [DE 117]. Chambers' counsel also called witnesses during the sentencing hearing to speak on behalf of Chambers. [DE 126 at 24-35]. Given the arguments of Chambers' counsel at sentencing and the inclusion of his childhood sexual abuse in the sentencing memorandum, Chambers has not met his burden to show that failing to argue Chambers' sexual abuse as a child at the sentencing hearing permeated the entire proceeding with obvious unfairness. The Court agrees with Magistrate Judge King that Chambers has failed to show his counsel's performance was deficient.

Chambers argues that Magistrate Judge King failed to address his argument that he should have received a downward departure under the Eighth Amended as in the decision in *Graham v. Florida,* 560 U.S. 48 (2010). [DE 136 at 961]. But *Graham* is not on point. In *Graham,* a Florida state court sentenced a juvenile defendant to life imprisonment without the possibility of parole. *Id*. at 52. The U.S. Supreme Court held that the Eight Amendment prohibits a life without parole sentence for a *juvenile* who did not commit homicide and any life sentence in that situation must include a meaningful opportunity to obtain release. *Id.* at 61. Chambers was 64 years when sentenced. [DE 128-1 at 880]. The circumstances of Chambers' case are different and he has not shown under *Graham* that his sentence is unconstitutionally excessive under the Eight Amendment.

The Court agrees with Magistrate Judge King that Chambers has failed to show prejudice because a sentence below the guidelines based on Chambers' allegations of childhood sexual abuse would have likely been objectively unreasonable, particularly given the Sixth Circuit's decision in *United States v. Fink*, 502 F.3d 585, 587 (6th Cir. 2007). There, the district court emphasized the

defendant had suffered sexual abuse as a child in sentencing the defendant below the guideline range for distribution of child pornography. *Id*. at 587. But the Sixth Circuit noted that the district court did not mention the fact that the defendant had also molested his daughter, stating, "[i]ndeed, the court's statement that a 70-month sentence would permit Fink 'to reflect on [his]criminal behavior and to hopefully draft some insight into this deviant behavior, and treatment will help' is less convincing in light of Fink's previous transgression." *Id*. at 588. The Sixth Circuit also stated that "Fink's molestation of his daughter . . . could suggest that his behavior is a persistent problem. The district court appears not to have considered this important factor," of adequate deterrence and protecting the public from further crimes of the defendant. *Id.* at 589.

      e.    <u>Chambers is not entitled to an evidentiary hearing</u>.

Chambers only generally objects to Magistrate Judge King's recommendation that his request for an evidentiary hearing be denied. A hearing is not required because the filings and record show Chambers is not entitled to relief and thus an evidentiary hearing is not warranted.

      f.    <u>Chambers is not entitled to a certificate of appealability.</u>

Chambers generally object to Magistrate Judge King's recommendation that a Certificate of Appealability ("COA") should be denied. The Court finds that Magistrate Judge King's recommendation is appropriate.

A COA may issue only if the petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

The Court decided Chambers' claims on the merits. To be entitled to a COA Chambers must establish "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Chambers has offered no argument on his right to a COA. As for Chambers' ineffective assistance of counsel claims, no reasonable jurist "could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Hicks v. United States*, No. CR 01-20057, 2009 WL 10728612, at *1 (E.D. Mich. Feb. 27, 2009) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (denying issuance of COA on petitioner's claim of ineffective assistance of counsel based on failure to advise and argue against application of career offender status); *Moody v. United States*, No. 19-5015, 2020 BL 169631, at *6 (6th Cir. May 6, 2020) (denying COA because "even if [petitioner's] claims could be called colorable, there's simply no argument that they were so strong that every reasonable defense attorney would have run with them. Thus, no reasonable jurist would dispute that [petitioner] cannot show ineffective assistance"). As a result, the Court will adopt the R&R on this issue and deny a COA.

### III. CONCLUSION

For these and the reasons set forth above, **IT IS ORDERED** as follows:

1. Defendant's/Movant's Objections [DE 136] are **OVERRULED**.

2. The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation [DE 135] is **ADOPTED**.

3. The issuance of a Certificate of Appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

4. The Court will issue separate judgment.

_Signature_
Rebecca Grady Jennings, District Judge
United States District Court

January 21, 2021

Copies to Counsel and Defendant