UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                                          Plaintiff

v.                                                                        Criminal Action No. 3:14-cr-108-RGJ

HOWARD KEY CHAMBERS                                                                              Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Howard Key Chambers ("Chambers") moves a third time for compassionate release because of heightened health risk caused by the COVID-19 pandemic. [DE 173]. The United States responded to the merits of Chambers' motion [DE 175] and Chambers replied [DE 179]. Because Chambers' third motion is based on his previous request for compassionate release, the Court will treat this third motion as a motion to reconsider. The matter is ripe. For the reasons below, Chambers' motion [DE 173] is **DENIED**.

**I.      BACKGROUND**

Chambers pleaded guilty to Count 8, of the Superseding Indictment charging aiding and abetting Christopher Kosicki in the crime of sex trafficking of a child, 18 U.S.C. §§ 1591(a)(1), (b)(1), and (e)(3). [DE 105]. He pleaded guilty pursuant to a Fed. R. Crim. P. 11(c)(1)(A) and (C) Plea Agreement. *Id.* The Plea Agreement called for a sentence of between 15 and 30 years, followed by a life term of Supervised Release and the dismissal of Count 7 (Enticement – violation of 18 U.S.C. § 2422(b)). *Id.* On September 12, 2016, after a lengthy sentencing hearing, United States District Judge Joseph H. McKinley, Jr., sentenced Chambers to 30 years in prison and a life term of Supervised Release. [DE 121, 126].

Chambers filed his initial request with the Warden on October 14, 2020. [DE 143-1 at 985]. The Warden denied the request on October 26, 2020. [DE 143-1 at 986]. Chambers previously requested compassionate release but had not properly exhausted, so the Court did not consider the merits of his motions. [DE 160]. Chambers filed a second request for compassionate release asserting that several health issues put him at a higher risk of contracting the virus and higher risk of death if he contracted COVID-19. [DE 163]. Those ailments are high blood pressure, high cholesterol, and prediabetes. *Id.* The Court denied Chamber's second motion for compassionate release on the merits [DE 164] and Chambers appealed [DE 165]. On appeal, the Sixth Circuit affirmed the Court's Order. [DE 171]. Chambers now moves for compassionate release a third time in less than two years based on the Warden's denial of his October 14, 2020, request. [DE 173]. Nothing in the paperwork Chambers filed indicates that he has submitted a new request for compassionate release from the Warden at the institutional level. [DE 173-1]. As stated above, the Court will treat Chambers' third motion as a motion for reconsideration of this Court's Order denying Chambers' request on the merits. [DE 164].

**II.      ANALYSIS**

The Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider. Thus, "[c]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Willyard*, No. 3:07–CR–44, 2008 WL 471683, at *1 (E.D. Tenn. Feb. 19, 2008) (citation omitted). "[T]he purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters properly encompassed in a decision on the merits." *United States v. Smith*, Case No. 3:08-cr-31-JMH, 2012 WL 1802554, *1 (E.D. Ky. May 2012) (quoting *Sherwood v. Royal Ins. Co. of Am.*, 290 F.Supp.2d 856, 858

(N.D. Ohio 2003)) (internal citations and quotation marks omitted). This Court has further stated that the rule:

> [G]ives the district court the power to rectify its own mistakes . . . Generally, three situations justify a district court altering or amending its judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice. It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided, nor is it a substitute for appeal.

*Id.* Moreover, "parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued." *Id.* (quoting *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007) (citation omitted)).

In his latest motion, Chambers cites no intervening change in controlling law, or new facts or a change of status since the time the Court considered his most recent motion. This Court's denial of compassionate release was not a clear error of law and does not represent a manifest injustice. Further, the issues raised have been adequately addressed by this Court. *United States v. Guzman*, No. 5:16-CR-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019), *appeal dismissed*, No. 19-6078, 2020 WL 5742887 (6th Cir. Mar. 26, 2020).

As in his second request, Chambers' third request for compassionate release asserts that several health issues put him at a higher risk of severe illness if he contracts COVID-19. [163 at 1149–50; DE 173 at 1225]. As before, while Chambers may be at greater risk because of his health conditions, there is no indication that his ailments are uncontrolled or beyond the capabilities of the Bureau of Prison's ("BOP") medical professionals. Chambers' medical records demonstrate BOP professionals have been responsive to his conditions. [DE 177]. *See United States v. Weidenhamer*, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) (compassionate release denied: "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release.").

3

As of September 23, 2022, Cumberland FCI, where Chambers is housed, had a total of 1,256 inmates.[1] There were 1,078 housed in the FCI and 178 at the camp. *See id.* Of the inmate population, there were four inmates with positive tests. *See id.* No inmates have died as a result of COVID-19 and 365 inmates have recovered.[2]

Chambers' medical records indicate that he is vaccinated against COVID-19, received a booster, and recovered from COVID-19 on two occasions. [DE 177 at 1494]. Because Chambers is vaccinated, he is at a lower risk of adverse health effects due to COVID-19. *See, e.g.*, *United States v. Staton*, No. CR 5:11-135-KKC, 2021 WL 4314581, at *1 (E.D. Ky. Sept. 22, 2021) (denying a motion for reconsideration of compassionate release because an individual is at less risk after vaccination).

As before, because Chambers' conditions are managed appropriately and because there is no uncontrolled outbreak at Cumberland FCI, Chambers is not entitled to compassionate release. *United States v. Marcias-Farias*, No. 3:10-CR-35-CRS, 2020 WL 6877734, at *4 (W.D. Ky. Nov. 23, 2020); *United States v. Tarpening*, 2020 WL5824034, at *4 (W.D. Ky. Sept. 30, 2020); *United States v. Heromin*, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, *2 (M.D. Fla. June 7, 2019) ("Without his medical provider corroborating either of these requirements, Heromin has not shown a foundation for compassionate release based on his medical condition."). The Court previously considered the Sixth Circuit's standard of full discretion as explained in *Jones* and found that Chambers had not shown extraordinary or compelling reasons to alter his sentence. *Jones*, 2020 WL 6817488, at *7–9 (6th Cir. Nov. 20, 2020). Chambers alleges no facts or circumstances that warrant a change in the Court's previous ruling.

---

[1] https://www.bop.gov/locations/institutions/cum/ (last visited Sept. 23, 2022).
[2] https://www.bop.gov/coronavirus/ (last visited Sept. 23, 2022).

4

The Court previously considered "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. As with Chambers' previous motion, the § 3553(a) factors counsel against compassionate release. This Court has reviewed the 18 U.S.C. 3553(a) factors at length. The Court reviewed the Presentence Investigation Report [DE 113], the parties' sentencing memoranda [DE 114, 117], the transcript from the sentencing hearing [DE 126], the statement of reasons [DE 122], and judgment [DE 121], and determined the Court's sentence adequately reflected the seriousness of the offenses, promoted respect for the law, provided just punishment, afforded adequate deterrence of future criminal conduct, and protected the public. *See* 18 U.S.C. § 3553(a)(2)(A)–(C). The Court's analysis agrees with and is unchanged from that of the sentencing court. [DE 164 at 1189]. Chambers presents no basis for a change in the Court's previous ruling on these points.

### III. CONCLUSION

As this is the Court's third consideration of this request, Chambers is warned that he should not refile unless there is a specific change in the law or substantial reason for reconsideration. *See Guzman*, 2019 WL 4418015, at *2. For the reasons stated, and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Chambers' Motion for Compassionate Release [DE 173] is **DENIED.**

Rebecca Grady Jennings, District Judge
United States District Court

October 21, 2022